IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALBUQUERQUE AMBULATORY EYE SURGERY CENTER LLC,<br><br>Plaintiff,<br><br>- against -<br><br>TRANSPORTATION INSURANCE COMPANY,<br><br>Defendant. | Civil Action _____ |

**DEFENDANT TRANSPORTATION INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Transportation Insurance Company ("Transportation") removes the state court action styled *Albuquerque Ambulatory Eye Surgery Center LLC v. Transportation Insurance Company*, Case No. D-202-CV-2021-00769, from the 2nd Judicial District Court of Bernalillo County, New Mexico, to the United States District Court for the District of New Mexico. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1. This is an insurance coverage dispute arising out of the COVID-19 pandemic.

2. On February 2, 2021, Plaintiff Albuquerque Ambulatory Eye Surgical Center LLC ("Plaintiff") initiated this action against Transportation by filing its Complaint in state court in Bernalillo County, New Mexico.

3. Plaintiff's Complaint alleges that it serves as an out-patient ophthalmology surgical center, that it made a claim under an insurance policy issued by Transportation for

substantial losses in revenue and extra expenses incurred as a result of the COVID-19 pandemic, and that Transportation wrongfully denied coverage for the claim.

4. Plaintiff asserts claims against Transportation for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) violation of the New Mexico Insurance Practices Act, NMSA § 59A-16-20, (4) violation of the New Mexico Unfair Trade Practices Act, NMSA § 57-12-2(D), and (5) declaratory judgment. Plaintiff seeks compensatory and consequential damages "in an amount to be established at trial," treble damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and declaratory relief. A copy of the Complaint is attached as Exhibit 1.

## VENUE

5. Pursuant to 28 U.S.C. § 1446(a), this Court is the proper venue for this action as it is the district and division within which the state court action was brought.

## DIVERSITY JURISDICTION

6. Removal is proper in this case because this Court has jurisdiction under 28 U.S.C. § 1332(a). This Court has original diversity jurisdiction because (1) this action is between citizens of different states, and (2) there is at least $75,000 in controversy.

**A.**     **Complete Diversity Exists**

7. Plaintiff is a citizen of New Mexico, as it is "a New Mexico company doing business in Albuquerque, New Mexico." Compl. ¶ 8 [Ex. 1]. Plaintiff is a limited liability company formed in New Mexico, and upon information and belief, none of the members of the LLC are Illinois residents.

8. Transportation is incorporated and has its principal place of business in Illinois, making it a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

9. Because Plaintiff and Transportation are citizens of different states, there is complete diversity among the parties to this case as required for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a)(1).

**B.      The Amount in Controversy Exceeds the $75,000 Jurisdictional Threshold**

10. The alleged amount in controversy in this case exceeds the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

11. "[A] defendant's notice of removal must include 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' but does not need to incorporate evidence supporting that allegation." *Zozaya v. Standard Ins. Co.*, No. 1:14-cv-00632 RB/CEG, 2015 WL 11118066, at *3 (D.N.M. Jan. 26, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The amount in controversy is based upon what the plaintiff is claiming, not whether the plaintiff is likely to win or be awarded the full amount of its claim. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) ("[T]he term 'in controversy' has never required a party seeking to invoke federal jurisdiction to show that damages '*are* greater' or will *likely* prove greater 'than the requisite amount' specified by statute. Instead, the term has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder *might* legally conclude' that damages exceed the statutory amount." (citations omitted)). Here, the allegations made by Plaintiff exceed the jurisdictional amount in at least eight ways.

12.     First, the allegations in Plaintiff's Complaint facially exceed the $75,000 jurisdictional threshold.  Plaintiff claims that it is entitled to coverage for loss of its insured premises, lost business income, extra expenses, and other business-related losses.  Compl. ¶ 1 [Ex. 1]. Plaintiff further alleges that the governmental orders required it to "incur extra expenses for additional cleaning and protective measures for staff and patients." *Id.* ¶¶ 69, 80. As of the filing of the Complaint, Plaintiff specifically alleges it had incurred over $50,000 in extra expenses. *Id.* ¶ 81. Plaintiff alleges these extra expenses are covered by the Policy and seeks compensatory and consequential damages related to them. *Id.* ¶¶ 140, 146–47. Plaintiff also seeks treble damages, which may be included in calculating the amount in controversy. *Id.* ¶ 170; *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (stating that "treble damages[] should have been considered in determining whether Woodmen satisfied the jurisdictional amount"); *Barreras v. Travelers Home and Marine Ins. Co.*, No. 12-CV-0354 RB/RHS, 2012 WL 12870348, at *3 (D.N.M. Oct. 17, 2012) (considering the possibility of an award of treble damages in concluding the amount in controversy is "well in excess of the jurisdictional minimum"). Thus, Plaintiff's Complaint places over $150,000 in controversy based solely on extra expenses (*i.e.*, not including any lost business income or extra expenses related to its business and treble damages), exceeding the $75,000 jurisdictional threshold.

13.     Second, on July 10, 2020, Plaintiff sent Transportation an "estimate of its losses." Compl. ¶ 96 [Ex. 1]. At that time, Plaintiff claimed it "sustain[ed] significant business income loss and extra expenses[,] . . . estimat[ing] it lost $2,396,141 in March-May 2020 alone." July 10, 2020 Letter at 3, attached as Exhibit 4. Plaintiff further forecasted that it would lose $3,610,055. *Id.* Plaintiff alleges its lost business income and extra expenses are covered by the Policy and

seeks compensatory and consequential damages. Compl. ¶¶ 140, 146–47 [Ex. 1]. Based on either Plaintiff's estimated losses, or its forecasted losses, the amount in controversy far exceeds the $75,000 jurisdictional threshold.

14. Third, Plaintiff alleges its damages are ongoing and seeks treble damages, which are included in calculating the amount in controversy. *Id.* ¶¶ 11, 77, 82, 146, 170; *Woodmen*, 342 F.3d at 1218; *Barreras*, 2012 WL 12870348, at *3. Trebling of actual damages, including the estimate of lost business income and extra expenses outlined in Paragraph 13, easily exceeds the threshold amount for removal.

15. Fourth, a reasonable calculation of Plaintiff's allegations concerning its lost income establish that those amounts exceed $75,000. *See Barreras*, 2012 WL 12870348, at *2 ("To show the amount in controversy by a preponderance of the evidence, a defendant may rely on . . . calculations from the complaint's allegations."). Plaintiff alleges that the March 2020 governmental stay-at-home orders resulted in an "immediate loss of income," forcing it to "lay off 23 employees, almost half of its staff," and reduce the hours of its remaining employees "to help offset the losses." Compl. ¶ 3 [Ex. 1]. Plaintiff alleges that, prior to the pandemic, it performed on average more than 1,100 surgical procedures per month. *Id.* ¶ 19. Due to the implementation of the stay-at-home orders, Plaintiff alleges its appointments decreased by 96% and 60% in April and May of 2020, respectively. *Id.* ¶ 76. Based on Plaintiff's allegations, Plaintiff performed 1,056 fewer procedures in April of 2020, and 660 fewer procedures in May of 2020, than it would have without the pandemic. Plaintiff alleges its lost business income is covered by the Policy and is seeking compensatory and consequential damages related to it. *Id.* ¶¶ 140, 146–47. The amounts at issue for the volume of procedures that Plaintiff alleges as the

basis for its claim far exceeds the $75,000 jurisdictional threshold. The possibility of an award of treble damages further supports that the amount in controversy exceeds $75,000. *See id.* ¶ 170; *Woodmen*, 342 F.3d at 1218; *Barreras*, 2012 WL 12870348, at *3.

16. Fifth, Plaintiff alleges that its damages are ongoing, stating that its "insured premises remain limited to essential activities and minimum necessary operations, with reduced capacity," and that "[t]he period of restoration when this interruption and [Plaintiff's] losses will end is still unknown." Compl. ¶¶ 11, 77, 82, 146 [Ex. 1]. Thus, this Court can plausibly assume from Plaintiff's allegations that Plaintiff continues to perform fewer procedures each month than it would without the pandemic, and continues to incur extra expenses for cleaning and protective measures, resulting in continued losses in business income and extra expenses beyond those discussed herein.

17. Sixth, Plaintiff specifically states in its Complaint that it has a policy limit of "$1,766,530 for loss and business interruption losses." *Id.* ¶ 25. In conjunction with Plaintiff's other allegations and its estimate of its losses, this supports the conclusion that Plaintiff seeks damages well in excess of the $75,000 jurisdictional threshold.

18. Seventh, Plaintiff also seeks punitive damages, which are included in calculating the amount in controversy. *Id.* ¶ 156; *Woodmen*, 342 F.3d at 1218 ("Punitive damages may be considered in determining the requisite jurisdictional amount.").

19. Eighth, Plaintiff also seeks attorneys' fees pursuant to NMSA §§ 39-2-1 and 57-12-10(C), which may be included in calculating the amount in controversy. Compl. ¶¶ 147, 156, 160, 171 [Ex. 1]; *Woodmen*, 342 F.3d at 1218 ("Because the UPA requires the award of attorneys' fees to a prevailing claimant, the potential award of attorneys' fees . . . should have

been considered in determining whether Woodmen satisfied the jurisdictional amount."); *Barreras*, 2012 WL 12870348, at *3 ("Where a statute allows for the recovery of attorneys' fees, fees may be used in calculating the jurisdictional amount."). Notably, "[a]n award of attorney's fees may significantly add to the amount in controversy." *Zozaya*, 2015 WL 11118066, at *4.

20. Although Transportation does not concede Plaintiff is entitled to damages of any kind or attorney's fees, the possibility of an award of compensatory and consequential damages, treble damages, punitive damages, and attorneys' fees clearly establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold in this case, particularly given the amount of extra expenses alleged in the Complaint and the demand made by Plaintiff prior to filing the lawsuit. *See* 28 U.S.C. § 1332(a); *Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## PROCEDURAL STATEMENT

21. This Notice of Removal is timely because it was filed within thirty days after Transportation's receipt of Plaintiff's Complaint as contemplated by 28 U.S.C. § 1446(b)(1). Transportation accepted service of Plaintiff's Complaint on March 2, 2021.

22. This Court is the "district court of the United States for the district and division within which" the state court action is pending. 28 U.S.C. § 1446(a). Transportation's Notice of Removal has therefore been filed in the proper court.

23. Transportation concurrently will file a copy of this Notice of Removal with the Clerk of the 2nd Judicial District Court of Bernalillo County, New Mexico, and serve notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), the following documents are attached to this Notice:

    Exhibit 1 – Plaintiff's Complaint

    Exhibit 2 – Court-Annexed Arbitration Certification

    Exhibit 3 – Notice of Proof of Service

    Exhibit 4 – Plaintiff's July 10, 2020 Letter to Transportation

25. Transportation reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

THEREFORE, Transportation removes this action from the 2nd Judicial District Court of Bernalillo County, New Mexico, to the United States District Court for the District of New Mexico.

Dated: March 26, 2021

                                              Respectfully submitted,

                                              HUSCH BLACKWELL LLP

                                              By:    */s/ Joshua Grabel*
                                                        Joshua Grabel

                                              2415 E. Camelback Road, Suite 500
                                              Phoenix, Arizona 85016
                                              Telephone: 480-824-7890
                                              Facsimile: 480-824-7905
                                              josh.grabel@huschblackwell.com

                                              David H. Timmins*
                                              1900 N. Pearl Street, Suite 1800
                                              Dallas, Texas 75201
                                              Telephone: 214- 999-6185
                                              Facsimile: 214-999-6170
                                              david.timmins@huschblackwell.com

*Attorneys for Defendant Transportation Insurance Company*

\* Out of State Attorney Association Pending

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2021, I filed the foregoing using the CM/ECF system and served the following parties or counsel with the same via e-mail.

Robert E. Hanson
rhanson@peiferlaw.com
Peifer, Hanson, Mullins & Baker, P.A.
20 First Plaza, Suite 725
Albuquerque, New Mexico, 87102

Kristin C. Davis
kdavis@thompsonhd.com
Thompson Hammerman Davis LLP
1015 15th Street NW, Suite 600
Washington, D.C. 20005

*Attorneys for Plaintiff*

/s/ *Joshua Grabel*
*Attorney for Defendant Transportation Insurance Company*