IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBUQUERQUE AMBULATORY
EYE SURGERY CENTER LLC,

    Plaintiff,

v.                                              Civ. No. 1:21-cv-00280 MIS/JFR

TRANSPORTATION INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Transportation Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 33. Plaintiff filed a response, and Defendant filed a reply. ECF Nos. 35, 36. The motion is GRANTED for the reasons that follow.[1]

## BACKGROUND

Plaintiff filed suit in the Second Judicial District Court of New Mexico on February 2, 2021, alleging various claims based on the denial of insurance coverage. ECF No. 1-1. Plaintiff is an eye surgery center in Albuquerque, New Mexico. ECF No. 30 at ¶ 1.[2] From March 16, 2020, to April 17, 2020, at the start of the COVID-19 pandemic, Plaintiff's operations were restricted by various orders of the Governor to emergency procedures only. *Id*. at ¶ 76–78. Plaintiff incurred additional costs as a result of cleaning

---

[1] Upon review of the briefing, the Court finds there is no need for oral argument. The parties' requests to that effect are therefore denied.

[2] The Court cites here to the operative Amended Complaint. However, all of the cited allegations are identical to those made in the original complaint.

1

and protective measures related to COVID-19. *Id*. at ¶ 83. At least three of Plaintiff's employees tested positive for COVID-19 and at least six patients tested positive for COVID-19 at some point after visiting Plaintiff's facilities. *Id*. at ¶ 82. As a continued precaution, Plaintiff's operations "remain limited to essential activities and minimum necessary operations, with reduced capacity." *Id*. at ¶ 80.

Plaintiff seeks coverage under the Businessowners Special Property Coverage Form ("the Policy") issued by Defendant Transportation Insurance Company, effective 2019–2020. The Policy provides in relevant part that Defendant "will pay for direct physical loss of or damage to Covered Property[3] at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." ECF No. 30-1 at 17. "Covered Causes of Loss" are defined liberally as "risks of direct physical loss" not otherwise excluded. *Id*. at 18. Plaintiff claims that its pandemic-related losses are covered under this language.

In addition, Plaintiff identifies three Policy endorsements that allegedly provide coverage. The first is the Business Income and Extra Expense Endorsement, which reads:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by **direct physical loss of or damage to** property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

*Id*. at 18 (emphasis added). The endorsement also covers Plaintiff's "reasonable and necessary expenses" incurred during the period of restoration because of the direct

---

[3] There is no dispute that Plaintiff's facilities are "Covered Property."

2

physical loss of or damage to property. *Id*. at 40. The "period of restoration" begins on the date of direct physical loss or damage and ends with the earlier of (1) the date when the property is "repaired, rebuilt or replaced with reasonable speed and similar quality" or (2) the date when "business is resumed at a new permanent location." *Id*. at 34.

The second is the Civil Authority Endorsement, which extends Plaintiff's Business Income and Extra Expense coverage to

> the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises. The civil authority action must be due to **direct physical loss of or damage to** property at locations, other than described premises, caused by or resulting from a Covered Cause of Loss.

*Id*. at 65 (emphasis added). Plaintiff argues that the Governor's orders constituted civil authority action within the meaning of the Policy and its losses are therefore covered.

Finally, the Dependent Property Endorsement extends Plaintiff's Business Income and Extra Expense coverage to

> the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur due to the "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by **direct physical loss or damage** at the premises of a Dependent Property, caused by or resulting from a Covered Cause of Loss.

*Id*. at 156 (emphasis added). A "Dependent Property" is one depended on to "[d]eliver materials or services," "[a]ccept your products or services," "[m]anufacture products for delivery to your customers under contract of sale," or "[a]ttract customers to your business." *Id*. Plaintiff alleges that its usual "feeder" businesses, i.e., other medical facilities, were prevented from referring patients by both the COVID-19 pandemic and the

Governor's orders. ECF No. 30 at ¶ 87. Because these "feeder" businesses would have attracted customers to Plaintiff's business, Plaintiff argues, the endorsement applies.

On October 12, 2021, on motion by Defendant, the Honorable Kea W. Riggs dismissed four of five counts for failure to state a claim. ECF No. 28. Plaintiff was granted leave to amend, and did so on November 12, 2021. ECF No. 30. The Amended Complaint contains some new allegations about the nature and threat of COVID-19, but is otherwise substantively similar to the original complaint. Defendant's renewed motion to dismiss is now before the Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Because Defendant again asks the Court to dismiss Plaintiff's second claim and because the amended claims are largely identical to those in the previous complaint,

Defendant's motion also implicates the Court's power to reconsider prior interlocutory orders. *See* Fed. R. Civ. P. 54(b); *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). This power is not subject to any particular standard or framework; the Court therefore employs its sound discretion. *See XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1190 (D.N.M. 2016) (reviewing case law).

## DISCUSSION

### I.     Direct Physical Loss or Damage

Both Plaintiff's first claim (for breach of contract) and fifth claim (for a declaration of coverage) depend on the existence of a "direct physical loss of or damage to" property, either Plaintiff's property or another specified in the Policy. ECF No. 30-1 at 17, 18, 65, 156. Plaintiff alleges two forms of "direct physical loss [] or damage": (1) New Mexico's shutdown orders, and (2) the physical presence of SARS-CoV-2 on the premises.

The parties agree that New Mexico law applies and that New Mexico's appellate courts have yet to rule on the policy language at issue.[4] However, the overwhelming majority of courts nationwide have rejected Plaintiff's contention that pandemic-related shutdown orders constitute "direct physical loss of or damage to" property.[5] In *Goodwill Industries of Central Oklahoma, Inc. v. Philadelphia Indemnity Insurance Company*, 21 F.4th 704 (10th Cir. 2021), the Tenth Circuit construed identical policy language under

---

[4] Plaintiff contends that "in a ruling from the bench, at least one New Mexico state court denied an insurer's motion to dismiss and permitted a similar Coronavirus insurance case . . . to proceed to discovery." ECF No. 35 at 14 (citing *Eye Assocs. of New Mexico, Ltd. v. Cincinnati Insurance Co.*, No. D-202-CV-2020-06851 (N.M. 2d Judicial Dist. Ct. Jan. 6, 2022)). The Court does not find this unpublished lower court decision persuasive for purposes of its *Erie* analysis.

[5] These decisions are too numerous to list but include, notably, a "unanimous" consensus among the federal circuit courts applying various states' laws. *Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 933–34 (4th Cir. 2022) (collecting cases).

Oklahoma law. The Oklahoma Supreme Court, like New Mexico's Supreme Court, had not interpreted the term "direct physical loss" and it was undefined in the policy. The Tenth Circuit therefore consulted dictionary definitions[6] and concluded that "a 'direct physical loss' requires an immediate and perceptible destruction or deprivation of property." *Id*. at 710. Because the shutdown orders did not cause Goodwill to lose physical control of its property, nor did COVID-19 destroy Goodwill's property, there was no direct physical loss or damage. *Id*. The court rejected Goodwill's argument that the term "direct physical loss" encompassed "intangible loss and/or property rendered unusable for its intended purpose," stating: "The words 'intangible' and 'physical' have opposite meanings." *Id*. The court found that the policy's "period of restoration" clause—substantively identical to the one in the Policy at issue here—provided further support for this conclusion because its language "assumes physical alteration of the property, not mere loss of use." *Id*. at 711 (quoting *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F. 4th 1141, 1144 (8th Cir. 2021)). Under analogous circumstances and with substantively identical policy language, this Court follows the approach of *Goodwill Industries* and finds that the Governor's orders did not constitute a "direct physical loss of or damage to" property, either Plaintiff's or anyone else's.[7]

---

[6] Under New Mexico law, too, the "common and ordinary meaning" of terms in an insurance policy "may be ascertained from a dictionary." *Battishill v. Farmers Alliance Ins. Co.*, 127 P.3d 1111, 1113 (N.M. 2006).

[7] Plaintiff argues that even if Defendant's interpretation of the Policy language is "reasonable," it should be construed in Plaintiff's favor because it is ambiguous. ECF No. 35 at 16–17; *see N.M. Physicians Mut. Liab. Co. v. LaMure*, 860 P.2d 734, 737 (N.M. 1993) (ambiguous terms are liberally construed in favor of the insured). Ambiguity exists if the contract language is "reasonably and fairly susceptible of different constructions"; otherwise, "the court is bound to enforce its terms." *Sanchez v. Herrera*, 783 P.2d 465, 469 (N.M. 1989). Following the reasoning of *Goodwill Industries*, the Court finds that the relevant terms were not ambiguous and must therefore be construed according to their plain and ordinary meaning.

Courts have also widely rejected the argument—not squarely addressed by *Goodwill Industries*—that the physical presence of SARS-CoV-2 on a property constitutes direct physical loss or damage. *E.g.*, *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 2022 U.S. App. LEXIS 15359, at *12–14 (1st Cir. 2022); *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, 2022 U.S. App. LEXIS 2655, at *5 (2d Cir. Jan. 28, 2022); *Troy Stacy Enter. v. Cincinnati Ins. Co.*, 2022 U.S. App. LEXIS 15881, at *8 (6th Cir. June 8, 2022); *Paradigm Care & Enrichment Ctr., LLC v. W. Bend*, 33 F.4th 417, 2022 U.S. App. LEXIS 11939, at *7–10 (7th Cir. 2022); *Ascent Hosp. Mgmt. Co., LLC v. Emplrs Ins. Co.*, 2022 U.S. App. LEXIS 1161, at *7 (11th Cir. Jan. 14, 2022). The Court finds the reasoning of these decisions persuasive. Applying the plain meaning of the Policy's terms, "direct physical loss or damage requires an actual physical change to property that COVID-19 particles cannot cause because a contaminated location can be immediately restored to its previous state by cleaning and disinfecting—no repair or replacement required." *Ascent Hosp. Mgmt. Co.*, 2022 U.S. App. LEXIS 1161, at *7 (internal quotation omitted). As a result, although this Court is cognizant of the danger COVID-19 poses to individuals, "its impact on physical property is inconsequential." *Paradigm Care*, 2022 U.S. App. LEXIS 11939, at *8 (quotation omitted).

Finally, the Court is unpersuaded by Plaintiff's argument that the absence of a "virus exclusion" implies coverage for pandemic-related losses. Because Plaintiff "never established its initial entitlement to coverage, [the Court] need not consider what consequences for that coverage might have arisen from the virus exclusion." *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, 2022 U.S. App. LEXIS 2655, at *5–6 (2d Cir. Jan. 28, 2022) (quoting *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 653 (6th Cir. 2021));

*see also Cafe Plaza de Mesilla, Inc. v. Cont'l Cas. Co.*, 519 F. Supp. 3d 1006, 1015 (D.N.M. 2021) (applying New Mexico law to reach the same conclusion).

For the reasons stated above, the undersigned agrees with Judge Riggs' prior determination that neither the Governor's shutdown orders nor the presence of SARS-CoV-2 on the premises, as alleged in the Amended Complaint, triggered coverage under the Policy. Plaintiff's first and fifth claims are therefore dismissed.

## II.  Duty of Good Faith and Fair Dealing

Plaintiff's second claim is that Defendant breached its duty of good faith and fair dealing. Plaintiff alleges Defendant "fail[ed] to properly investigate its claim," specifically that it "did not follow up with its insured, request an interview, or visit the covered location" and "failed to review ample publicly available and easily accessible information regarding [Plaintiff's] claim."[8] ECF No. 30 at ¶¶ 97, 158. Defendant argues that Plaintiff's bad faith claim must be dismissed because (1) Defendant's denial of coverage was reasonable and (2) investigation would have led to the same result.

The Tenth Circuit has recognized that "[w]hether a claim for bad faith can survive when there is no underlying coverage is an open question in New Mexico." *Naabani Twin Stars, LLC v. St. Paul Fire & Marine Ins. Co.*, 2021 U.S. App. LEXIS 30351, at *3 n.3 (10th Cir. Oct. 12, 2021); *see also Haygood v. United Serv. Auto Ass'n*, 453 P.3d 1235, 1242 (N.M. Ct. App. 2019). However, a plaintiff claiming bad faith must "demonstrate what would have changed had [the insurer] investigated further." *Naabani*, 2021 U.S. App.

---

[8] The other listed grounds for Plaintiff's bad faith claim depend on the wrongful denial of coverage and/or failure of payment, ECF No. 30 at ¶ 158, and are therefore untenable in light of the Court's determination that no coverage exists. *See Haygood v. United Serv. Auto Ass'n*, 453 P.3d 1235, 1242 (N.M. Ct. App. 2019) ("[C]laims of bad faith failure to pay cannot arise unless there is a contractual duty to pay under the policy[.]" (quotation omitted)).

LEXIS 30351, at *4. Plaintiff does not plausibly allege that Defendant would have reached a different conclusion following a more extensive investigation. Defendant maintains that insurance coverage is not available based on either (1) New Mexico's shutdown orders or (2) the presence of SARS-CoV-2 on a property. Plaintiff does not identify any relevant information to be uncovered by additional investigation, and the Court is hard-pressed to imagine how any amount of investigation could have altered Defendant's determination. Plaintiff's second claim is therefore dismissed.

### III. New Mexico Insurance Practices Act

For its third cause of action, Plaintiff alleges Defendant "violated certain portions of the New Mexico Insurance Practice Act, NMSA § 59A016-20." ECF No. 30 at ¶ 166. Plaintiff then quotes five statutory provisions from the Act without further explanation. *Id*. Judge Riggs found in her prior Order that Plaintiff failed to state a claim because a "formulaic recitation of the elements of a cause of action" is insufficient to meet the federal pleading standard. ECF No. 28 at 25 (quoting *Twombly*, 550 U.S. at 555). Inexplicably, Plaintiff incorporated the same cause of action into its Amended Complaint without amendment. The Court therefore finds, once again, that Plaintiff's threadbare recital of the text of the Insurance Practice Act is subject to dismissal for failure to state a claim.

### IV. New Mexico Unfair Practices Act

Finally, Plaintiff asserts a violation of the New Mexico Unfair Practices Act ("UPA") based on Defendant's failure to provide promised coverage. ECF No. 30 at ¶¶ 168–78. The UPA applies to "misleading or deceptive statements" in the practice of trade. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 994 (10th Cir. 1999) (quoting *Ashlock v. Sunwest Bank of Roswell*, 753 P.2d 346, 348 (N.M. 1988));

N.M. Stat. Ann. § 57-12-2(D). To state a claim under the UPA, Plaintiff was required to show that Defendant "made an oral or written statement, visual description or other representation that was either false or misleading." *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991) (quotation omitted). Plaintiff's claim fails at the outset; the Amended Complaint does not identify a particular statement that was either false or misleading. The only statements of which Plaintiff apparently complains are the terms of the Policy itself. However, as explained above, the plain and unambiguous terms of the Policy provide no coverage for Plaintiff's COVID-related losses. The fourth claim is accordingly—and for a second time—dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Transportation Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 33) is **GRANTED** and all claims are hereby **DISMISSED WITH PREJUDICE**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE